TotteN, J.,
deliyered the opinion of the court.
This case is a motion in the circuit court of Anderson to recover money paid by the plaintiff, as surety of defendant. There was judgment for defendant, and plaintiff has appealed to this court.
It appears that plaintiff was surety of defendant in a note to Kirkpatrick, dated March, 1838, for seventy-five dollars, and that in 1812, he paid the same on his liability as surety. The motion was made more than six years after payment of the money.
The defendant relies upon the limitation as a bar. On the contrary, the plaintiff insists that the statute does not apply to these summary proceedings by motion, because they are not named in the statute.
The motion is given by statute in special cases of merit, instead of the more dilatory remedy by action of assumpsit or debt. To these actions the limitation expressly applies, and we think it a just and reasonable construction that it be held to apply likewise to the motion, which is merely a substitute for the action.
In the one case, the issue appears in the pleading; in the other, it appears in the proof; and in both, the proof must, of course, be the same.
*93 In tbe next place, it is insisted for tbe plaintiff that there was an admission of tbe debt, and a promise to pay within tbe term of limitation.
Tbe admission of an existing debt which tbe debtor is willing to pay, or an express promise to pay tbe debt will restore tbe remedy that was barred, and entitle tbe plaintiff to recover. Thompson vs. French, 10 Yer. R. 456; Belote vs. Wynn, 7 Yer. R. 534; Hunter vs. Starks, 8 Humph. R. 658.
But tbe admission or promise to have this effect, must be absolute and unqualified. This being tbe rule of law, we have carefully considered tbe proof in tbe present case, and we are satisfied that |t is not such as to enable tbe plaintiff to obviate tbe bar of tbe statute. There is some conflict in tbe proof tending to raise a doubt as to tbe nature and extent of defendant’s admission or promise. Ye do not deem it necessary to state in this opinion, an argument upon tbe evidence. It could be of no utility in any other case. But tbe conclusion of fact that we deduce from tbe evidence, is simply this: tbe defendant offered to pay some forty dollars of said debt, provided plaintiff would take it on defendant’s account against him for bouse rent. This offer was made just after tbe parties bad closed a settlement of mutual demands extending back for a period of ten years; tbe smety debt and tbe account for bouse rent not being included in tbe settlement. They were mutually denied, no doubt. One witness speaks of an absolute promise to pay forty dollars. If this were so, it would be good pro tcmto; and it would, of course, have been included at tbe time in tbe balance of accounts, as no objection could be made by either party. But if tbe promise were contingent, as from admitted facts and tbe evidence of other witnesses, *94 we believe it to have been, then it is not sufficient, as before stated, to obviate the bar. If the proposal as made had been assented to, it would doubtless be valid between the parties according to its terms.
Let the judgment be affirmed.